USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/14/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

LTS MANAGEMENT COMPANY LLC,                    Case No.:  1:20-c v-04227

                            Plaintiff,

           -against-

RASHID ALI SHAH,

                            Defendants.

-----------------------------------------------------------X
RASHID ALI SHAH,

                          Counterclaim-Plaintiff,

           -against-

LTS MANAGEMENT COMPANY LLC and
DAVID JAMES

                          Counterclaim- Defendants.

-----------------------------------------------------------X

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, Plaintiff/Counterclaim-Defendants, LTS MANAGEMENT COMPANY LLC and DAVID JAMES, and Defendant/Counterclaim-Plaintiff, RASHID ALI SHAH have agreed to the terms of this Stipulated Confidentiality Agreement and Protective Order (the "Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  As such, IT IS HEREBY ORDERED:

**1.**      **Non-Disclosure of Confidential Materials**

Any person subject to this Order who receives any document, tangible item, or information of any kind provided in the course of this litigation that is designated as "Confidential" or "Confidential Material" pursuant to the terms of this Order shall not disclose such "Confidential" or "Confidential Material" to anyone else except as expressly permitted hereunder.

**2.      Confidential Material**

Excluding any material available to the general public, "Confidential Material" is defined to mean any information that meets the standards for protection under Rule 26(c) of the Federal Rules of Civil Procedure, including, but not limited to, materials that contain trade secrets, know-how, technical, sales, training, operations, processes, customer information, proprietary information, and/or commercial or financial information that the disclosing/producing party has maintained in confidence, as well as medical records, testimony, documents containing patient names and/or other patient identifying information, and/or other documents that may be subject to physician patient privileges under applicable federal and state law, including, but not necessarily limited, to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

**3.      Permissible Disclosure of Confidential Material**

Confidential Material shall be disclosed only to:

A.      counsel of record, including any associated attorneys and secretarial, paralegal, clerical employees, commercial copying firms, and/or data retrieval, storage, and/or organization firms who are assisting counsel with this case;

B.      the parties and claims personnel, employees, representatives, and/or agents of the parties;

C.      the Court and its support personnel, and stenographers or court reporters engaged to transcribe depositions conducted in this action;

  D.  current or future consultants or experts working on behalf of or under the direction of counsel, provided that the consultant or expert agrees to abide by all of the terms of this Order and executes the ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND annexed hereto as Exhibit "A";

  E.  any witness who counsel for a party in good faith believes may be called to testify at deposition or trial, provided that the witness agrees to abide by all of the terms of this Order and executes the ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND annexed hereto as Exhibit "A";

  F.  the author and addressee(s) of any documents and any other person indicated on the face of the document as having received a copy; and

  g.  any person designated by the Court in the interests of justice, upon such terms the Court deems just and proper.

The parties agree that all "Confidential Material" is being disclosed solely for use in the above captioned litigation and for no other purpose. No provision in this Order shall preclude a party from using during a deposition, in motion practice, in court, or at trial, arbitration, or mediation during this litigation, any material of any sort designated as "Confidential Material."

**4.**  **Designation and Use of Confidential Material Generally**

Any part or all of a document or tangible item disclosed or produced by a party in this litigation may be designated as "Confidential Material" by the disclosing/producing party by marking or stamping the word "Confidential" on the face of the document and each page so designated as "Confidential" or "Confidential Material" or on the face of the tangible item or by written notice that such documents or tangible items are "Confidential" or "Confidential Material" at the time of the disclosure, production, or filing of the item.

**5.    Designation and Use of Confidential Material in Depositions**

Any party in this litigation may designate part or all of any deposition transcript or deposition exhibit as "Confidential" or "Confidential Material" by advising the reporter and all parties of such fact during the deposition, or within twenty-one (21) days after the official deposition transcript is made available. In the event that any question is asked at the deposition that requires the disclosure of Confidential Material, the witness must answer the question fully and completely. All parties shall maintain deposition transcripts and exhibits as confidential until the expiration of twenty-one (21) days after the official deposition transcript is made available.

**6.    Use of Confidential Material at a Hearing or Trial**

a.    Any party may move or make application to the Court to seal any "Confidential" or "Confidential Material" that may be offered in evidence at trial or any court hearing, and, if so approved, such Confidential Material will be submitted and sealed in accordance with the Court's then-existing procedures and further direction by the Court. Any party may also move the Court for an order that evidence be received in camera or under any other conditions to prevent unnecessary disclosure.

b.    Any party may move or make application to the Court to maintain testimony elicited during hearings and other proceedings as confidential, subject to the Court's then-existing procedures and further direction by the Court.

c.    Nothing contained in this paragraph shall prohibit any party from moving the Court for any other order that the party may deem appropriate.

**7.    Use of Confidential Material in Legal Documents**

a.    If any information or documents designated as "Confidential" or "Confidential Material" are filed with this Court, they shall be filed under seal unless the disclosing/producing party first waives this requirement. If any information designated as "Confidential" or

4

"Confidential Material" is quoted, attached to, or substantially paraphrased in any pleading, motion, memorandum, appendix, or other judicial filing, then the pleading, motion, memorandum, appendix, or other judicial filing shall be submitted in its entirety under seal. Disclosure of any portion of the transcript of a deposition which reflects or contains Confidential Material shall render the pleading, motion, memorandum, appendix, or other judicial filing subject to the terms of this Order and such document shall be filed under seal. Nothing contained herein limits a disclosing/producing party's use or disclosure of its own discovery material.

b.   No party shall electronically file any information or documents designated as "Confidential" or "Confidential Material" with the Court without first filing a motion for leave to file under seal. Pursuant to Rule I.G of the Court's Individual Motion Practice and Rules, the parties shall comply with Administrative Order No. 2004-05, In Re: Requests to Seal Documents (E.D.N.Y. Apr. 20, 2004), revised Jan. 17, 2007.

**8.   Declassification/Objections to Designation as Confidential Material**

A party (or aggrieved person permitted by the Court to intervene for such purpose) may object to the designation of material as "Confidential" or "Confidential Material" by first stating such objection in writing to the designating party. If the parties cannot agree on a proper designation for the document(s) within ten (10) business days of written notice, the objecting party or aggrieved person may thereafter apply to the Court for a ruling that material designated as "Confidential" or "Confidential Material" is not entitled to such status and protection. The party that designated the material shall be given notice of the application and an opportunity to respond. The material shall maintain its original designation as "Confidential" or "Confidential Material" until the Court resolves the dispute over the applicable designation.

**9.   Claim Files/Patient Files**

Should any party disclose patient and/or claim files and materials (the "Claim Files"), in order to facilitate prompt production of such material, and to protect confidential, protected, and/or privileged Confidential Material that may be contained within the Claim Files, the parties hereby agree as follows:

A. It is recognized that the Claim Files may contain attorney-client privilege, attorney work product, protected healthcare documents, and/or other Confidential Material (collectively, the "Privileged/Protected Documents"). Nevertheless, the production of the Claim Files in this litigation is not a waiver by the producing party of any such privilege or protection, and shall not constitute a waiver of the privileged or protected status of the material contained therein.

B. Before any documents from the Claim Files are made available to any other party, the producing party may if it chooses review each of the documents and assert any applicable privilege or protections for any Privileged/Protected Documents, though the producing party is not obligated to do so.

C. Regardless of whether the producing party chooses to review the documents and assert an applicable privilege/protection before the documents are made available to the other parties, if the other party elects to use a document from the Claim Files that the producing party deems privileged/protected, whether in a motion, during a deposition, or any other use permitted in this litigation, the producing party shall have up to fourteen (14) business days from the date of the other party's proposed use of any such document to object and recall such document on the basis that the document is a Privileged/Protected Document.

D. Upon the producing party's objection and recall of said document(s), the other party shall not be able to use such document(s), directly or indirectly, nor refer to any of the

information contained in such document(s), until the receiving party obtains an order from the Court overruling the producing party's claim of privilege or protection.

E.  The parties agree that the Claim Files are being disclosed solely for use in the above captioned litigation and for no other purpose.

F.  Each party hereto shall ensure that all persons entitled to view Confidential Material pursuant to paragraph 3 of this Order shall be advised of and agree to this Confidentiality Order, and shall execute the ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND annexed hereto as Exhibit A.

10. **Non-Termination**

The provisions of this Order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, all Confidential Material and copies thereof shall be returned to the party or person that produced such documents or, at the option of the disclosing/producing party, be destroyed, except that counsel for the parties need not destroy or return Confidential Material that became a part of a Court record or deposition transcripts.

11. **Responsibility of Attorneys**

The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of "Confidential Material" documents.

12. **Modification Permitted**

Nothing in this Order shall prevent any party or other person from seeking modification of this Order.

13. **No Waiver**

a.  The inadvertent, unintentional, in camera, or other disclosure of Confidential Material or privileged documents shall not, under any circumstances, be deemed a waiver, in whole

or in part, of any party's claims of confidentiality or privilege, as to the documents themselves, or as to any other documents or information not disclosed.

  b. The existence of this Order shall not constitute an admission that any material or information contains Confidential Material.

  c. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged privilege, relevancy, admissibility, and/or discoverability of any "Confidential" documents sought.

  d. Inadvertent failure to identify or label documents or things as "Confidential" or "Confidential Material" pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within twenty-one (21) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the disclosing/producing party to appropriately legend the information in accordance with this Order. A recipient of "Confidential Material" shall have no liability, under this Order or otherwise, for any disclosure of information contained in unlegended documents or things occurring before the recipient of the Confidential Material was placed on notice of the disclosing/producing party's claim of confidentiality.

  e. The intentional disclosure of Confidential Material in a manner in violation of or inconsistent with the terms of this Order shall be submitted to the Court for consideration of appropriate sanctions.

**14. Execution**

This Order may be executed by the parties in counterparts. Facsimile or PDF copies will be deemed and accepted as original in all proceedings and no objection will be raised regarding same.

Dated: January 13, 2021

Respectfully submitted:

RIVKIN RADLER LLP

By: *Kenneth A. Novikoff*
Kenneth A. Novikoff (KAN- - 0350)
A Member of the Firm
926 RXR Plaza
Uniondale, New York 11556-0926
(516) 357-3000

*Counsel for Plaintiff/Counterclaim Defendants* LTS MANAGEMENT COMPANY LLC and DAVID JAMES

-and-

PAVIA & HARCOURT LLP

By: *Brandon C. Sherman*
Brandon C. Sherman
230 Park Avenue, 24th Floor
New York, New York 10169
(212) 980-3500
bsherman@pavialaw.com
*Counsel for Attorneys for Defendant/Counterclaim Plaintiff* Rashid Ali Shah

SO ORDERED.

Dated: January 14, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge